# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN,<br>    Plaintiff,<br><br>vs.<br><br>NATIONAL COATINGS, INC.; RONALD E. HAFFNER; KATHRYN A. ROWRAY, as Successor Independent Executor of the Estate of Robert L. Dykes, deceased<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case no.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

General Casualty Company of Wisconsin ("General Casualty") brings this Complaint seeking a declaration of the parties' rights and obligations under a contract of insurance and states as follows:

## NATURE OF THE SUIT

1. This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

2. An actual and justiciable controversy exists between General Casualty and National Coatings, Inc. This action will resolve a dispute as to whether a policy of insurance issued by General Casualty to National Coatings, Inc. ("National Coatings") obligates General Casualty to defend or indemnify National Coatings or Ronald E. Haffner in connection with a lawsuit captioned *Rowray v. National Coatings, Inc., et al.*, case number 17-L-1081 (Will County, Illinois) ("Underlying Lawsuit").

## PARTIES, JURISDICTION AND VENUE

3. General Casualty Company of Wisconsin ("General Casualty") is a

corporation organized under the laws of Wisconsin with its principal place of business in New York, New York. General Casualty is a citizen of Wisconsin and New York.

4. National Coatings, Inc. ("National Coatings") is a Delaware corporation with its principal place of business in Galesburg, IL. National Coatings is a citizen of Illinois and Delaware.

5. Ronald E. Haffner ("Haffner") is a resident of Peoria, Illinois. Haffner is a citizen of Illinois.

6. Kathryn A. Rowray, as Successor Independent Executor of the Estate of Robert L. Dykes, deceased, ("Rowray") is an individual and a citizen of Iowa. As the plaintiff in the Underlying Lawsuit, Rowray is a necessary party to this declaratory judgment action and has been joined solely to be bound by the judgment rendered in this case. No specific relief is sought against Rowray. In the event Rowray stipulates and agrees to be bound by the resolution of this case, General Casualty will seek to voluntarily dismiss her from this action.

7. Diversity jurisdiction exists. The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper as some or all of the events giving rise to this dispute took place within this district.

## UNDERLYING LAWSUIT

9. On December 20, 2017, Rowray filed a complaint in the Underlying Lawsuit in the Circuit Court of Will County ("Underlying Complaint") against National Coatings and Ronald E. Haffner ("Haffner").

10. A copy of the Underlying Complaint is attached as **Exhibit A**.

11.     The Underlying Lawsuit is a wrongful death action arising out of a February 16, 2017, accident in which Robert L. Dykes ("Dykes") died.

12.     The Underlying Complaint contains the following allegations:

a.     National Coatings is a manufacturer and distributer of coatings, packaging, containers and related materials.

b.     As part of its business, National Coatings owns a Harbor Freight HaulMaster 2.5-ton pallet jack, Item No. 61946 ("Pallet Jack").

c.     Dykes was a sole proprietor of Best Bay Machinery Sales, a machinery resale business.

d.     Prior to February 16, 2017, Dykes offered a Bliss 32 Ton Model 20C punch press ("Bliss Press") for sale.

e.     In mid-February 2017, National Coatings offered to buy the Bliss Press.

f.     National Coatings instructed Haffner, its employee, to drive to Best Bay Machinery Sales' Joliet, Illinois, warehouse from its Galesburg location in order to complete the purchase of the Bliss Press and return with it.

g.     On February 16, 2017, Haffner arrived at Best Bay Machinery Sales.

h.     Haffner directed Dykes to load the Bliss Press into the trailer of the semi Haffner drove to the Joliet warehouse.

i.     Dykes used a forklift to place the Bliss Press on the forks of the Pallet Jack.

j.     Haffner then directed Dykes to help him maneuver the Bliss Press

– now on the Pallet Jack – from the rear of the semi-trailer to the front of the semi-trailer.

      k.      Two men who happened to be in the area assisted, at the request of Haffner.

      l.      Haffner asked Dykes and the two volunteers to situate themselves around the Bliss Press while he maneuvered the Pallet Jack.

      m.      While Haffner was maneuvering the Pallet Jack, the Bliss Press fell from its forks and landed on Dykes, pinning him between the Bliss Press and the floor of the semi-trailer, causing his death.

13.      The Underlying Complaint contains causes of action for wrongful death against National Coatings (Count I) and Haffner (Count II) under the Illinois Wrongful Death Act (740 ILCS 180/1 *et seq.*), wrongful death based on a *respondeat superior* theory under the Illinois Wrongful Death Act against National Coatings (Count III), and for wrongful death under the Illinois Survival Act (755 ILCS 27/1 *et seq.*) against National Coatings (Count IV) and Haffner (Count V).

14.      In all counts of the Underlying Complaint, Rowray alleges that National Coatings and Haffner violated their duty to exercise reasonable care in the "ownership, movement, installation operation and maintenance of its industrial machinery and equipment" including the semi-trailer and the Pallet Jack.

## **GENERAL CASUALTY POLICY AND CLAIM FOR COVERAGE**

15.      General Casualty issued Commercial Automobile Policy number CBA 0979676 to National Coatings with effective dates of October 8, 2016 to October 8, 2017 ("Policy"). The Policy provides liability limits of $1,000,000 per accident or loss. A

copy of the Policy is attached as **Exhibit B**.

16. The Policy contains the following insuring agreement applicable to liability coverage:

> **A. Coverage**
>
> *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*
>
> \* \* \*
>
> **1. Who Is An Insured**
>
> *The following are "insureds":*
>
> *a. You for any covered "auto".*
>
> *b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:*
>
> *(1) The owner or anyone else from whom you hire or borrow a covered "auto".*
>
> *This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.*

(Ex. B at Form CA 00 01 03 10, p. 2 of 12).

17. The Policy contains exclusions, including, in relevant part, the following:

*This insurance does not apply to any of the following:*

\* \* \*

> **7. Handling Of Property**
>
> *"Bodily injury" or "property damage" resulting from the handling of property:*
>
> *a. Before it is moved from the place where it is accepted by the "insured" for movement into or onto the covered "auto";*

* * *

   *8.*   *Movement Of Property By Mechanical Device*

   *"Bodily injury" or "property damage" resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered "auto".*

(Ex. B, Form CA 00 01 03 10, p. 4 of 12).

   18.   General Casualty was presented with the Underlying Complaint on or about March 1, 2018 in conjunction with National Coatings' request for defense and indemnity from General Casualty in relation to the Underlying Lawsuit.

   19.   By letter dated April 11, 2018, General Casualty denied coverage and requested that National Coatings withdraw its claim for coverage.

   20.   On or about June 6, 2018, General Casualty was informed that National Coatings would not be withdrawing its claim for coverage.

**COUNT I – DECLARATORY JUDGMENT (National Coatings & Haffner)**
**Handling of Property Exclusion Bars Coverage**

   21.   General Casualty repeats and realleges the allegations of Paragraphs 1-20 as if fully set forth herein.

   22.   The Policy contains a "Handling of Property" exclusion that bars coverage for "bodily injury…resulting from the handling of property [b]efore it is moved from the place where it is accepted by the insured for movement into or onto the covered auto."

   23.   The bodily injuries alleged in the Underlying Complaint occurred at Best Bay Machinery Sales' warehouse in Joliet.

   24.   The bodily injuries alleged in the Underlying Complaint occurred while the Bliss Press was being moved from the warehouse where it was accepted by National

Coatings into National Coatings' semi-trailer.

25. The Bliss Press was still at the place where it was accepted by National Coatings.

26. The Policy's Handling of Property exclusion bars coverage in relation to the Underlying Lawsuit.

### COUNT II – DECLARATORY JUDGMENT (National Coatings & Haffner)
### Movement of Property by Mechanical Device Exclusion Bars Coverage

27. General Casualty repeats and realleges the allegations of Paragraphs 1-26 as if fully set forth herein.

28. The Policy contains a "Movement of Property by Mechanical Device" exclusion that bars coverage for "'Bodily injury'…resulting from the movement of property by a mechanical device (other than a hand truck) unless the device is attached to the covered 'auto.'"

29. The plaintiff in the Underlying Lawsuit alleges that the bodily injuries suffered by Dykes were caused by the movement of the Bliss Press by a mechanical device, namely the Pallet Jack.

30. The Pallet Jack was not attached to the semi-trailer involved in the February 16, 2017 accident.

31. The Policy's Movement of Property by Mechanical Device exclusion bars coverage in relation to the Underlying Lawsuit.

### PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, General Casualty respectfully requests this Honorable Court grant judgment in General Casualty's favor and enter an order


declaring that it has no duty to defend or indemnify National Coatings or Haffner in relation to the Underlying Lawsuit and any other and further relief that the Court deems appropriate.

        GENERAL CASUALTY INSURANCE COMPANY

        BY: /s/Michael P. Baniak_____
            One of its Attorneys

Dennis M. Dolan (# 6229150)
Michael P. Baniak (# 6299036)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
(312) 781-6641 (Dolan)
(312) 781-6596 (Baniak)
(312) 781-6630 Fax
dolan@litchfieldcavo.com
baniak@litchfieldcavo.com